UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HUDSON INSURANCE COMPANY,<br>Plaintiff, | Case No. 1:18-cv-192<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| STICE FAMILY LOGISTICS, LLC, et al.,<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on plaintiff Hudson Insurance Company's ("Hudson") motion for summary judgment. (Doc. 35). Defendants have not filed a response in opposition.

**I. Summary Judgment Standard**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Under Federal Rule of Civil Procedure 56(c), a grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C.*

*Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the non-moving party to "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita*, 475 U.S. at 587 (emphasis in original). To meet that burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

## II. Undisputed Facts

Plaintiff presents the following evidence in support of its motion for summary judgment, which, as noted above, has not been opposed by defendants.[1]

On January 27, 2017, Hudson issued a Broker's Surety Bond No. 100 522 37, Form BMC-84 (the "bond"), as surety, in the penal sum of $75,000 for defendants Stice Family Logistics, LLC, Nathan Stice, and Kendra Stice. (Bond, Doc. 35-4 at 13-15). Prior to issuing the bond, defendant Nathan Stice as President of Stice Family Logistics, individually, and

---

[1] In failing to file a memorandum in opposition to plaintiff's motion for summary judgment, defendants have failed to offer any facts or evidence in opposition to plaintiff's claims. As such, the facts presented by plaintiff are undisputed.

2

Kendra Stice individually, executed a "general agreement of indemnity" (the "indemnity agreement") with Hudson. (Indemnity Agreement, Doc. 35-3; Affidavit of Susan A. Miller, Doc. 35-3 at ¶ 6).[2] Plaintiff includes a true and correct copy of the indemnity agreement in support of her motion for summary judgment. (*Id.*). The indemnity agreement provides, in relevant part:

> **II. INDEMNITY AND HOLD HARMLESS.**
>
> A. The PRINCIPAL AND INDEMNITORS, jointly and severally, shall exonerate, hold harmless, indemnify and keep indemnified the SURETY from and against any and all claims, demands, liability, losses, costs, and expenses of whatsoever kind or nature, including court costs, attorneys' fees, adjusting costs and investigative costs, and from and against any and all other such losses and expenses which the SURETY may sustain, suffer or incur (i) [b]y reason of having executed or procured the execution of BONDS; (ii) [b]y reason of the failure of the PRINCIPAL OR INDEMNITORS to perform or comply with any of the covenants or conditions of this Agreement, including but not limited to the payment of all premiums due for BONDS; (iii) [i]n enforcing any of the covenants, obligations, or conditions of this Agreement. . . .

(*Id.* at 5). Hudson received notices of multiple claims under its bond by various bond claimants of Stice Family Logistics.[3] (Miller Affidavit at ¶ 7). The total amount of the claims was $189,126.75. (*Id.*). Hudson paid fifty-three claims on the bond pro-rata until it exhausted the total amount of the bond—$75,000. (*Id.* at ¶ 8). Under the indemnity agreement, Hudson had the "full and exclusive right (but not the obligation), in its name or in the name of [defendants], to prosecute, compromise, release or otherwise resolve any of the claims . . ." in the sole

---

[2] Susan Miller is currently employed by plaintiff Hudson as a Surety Claims Specialist. In her position as a Surety Claims Specialist, she reviews and receives claims being made against bonds issued by Hudson. She was assigned to handle claims made on the bond issued by Hudson, as surety, to Stice Family Logistics LLC. (Miller Affidavit, Doc. 35-3 at ¶¶ 2, 4, 5).

[3] According to plaintiff, defendant Stice Family Logistics is a broker and arranges for motor carriers to transport freight for shippers. Under these circumstances, the shipper pays the broker (Stice Family Logistics) who in turn pays the motor carrier. Brokers are required by law to have financial security, mainly in the forms of bond with the penal sum of $75,000. (Doc. 35-1 at 1). Therefore, plaintiff explains that it received multiple claims under its bond by motor carriers.

3

discretion it deemed appropriate. (Indemnity Agreement, Doc. 35-3, Section III, B). In addition, the indemnity agreement provides that "the vouchers or other evidence of any such payments made by [Hudson] shall be prima facie evidence of the fact and amount of the liability. . . ." (*Id.*, Section II, C).

After receiving the claims on the bond, Hudson then made a demand for collateral on defendants pursuant to the indemnity agreement. (Doc. 35-1 at 6). Defendants have refused to make a payment of the requested collateral. (*Id.*). As a result of executing the bond for defendants, Hudson has suffered losses and incurred costs and attorney fees in an amount of $87,188.51. (Miller Affidavit at ¶ 9).

## III. Resolution

When jurisdiction is based on diversity of citizenship, the court applies state substantive law to interpret contract provisions. *Whitt Mach., Inc. v. Essex Ins. Co.*, 377 F. App'x 492, 495-96 (6th Cir. 2010) (citing *Hickson Corp. v. Norfolk S. Ry. Co.*, 260 F.3d 559, 566 (6th Cir. 2001)). Ohio law therefore applies here. To prove a breach of contract under Ohio law, a plaintiff must establish the existence of a contract, performance by the plaintiff, breach by the defendant, and damage to the plaintiff. *Avis Rent a Car System, LLC v. City of Dayton, Ohio*, 3:12-cv-399, 3:12-cv-405, 2013 WL 3863911, at *9 (S.D. Ohio July 24, 2013), *aff'd sub nom. Avis Rent-A-Car System, Inc. v. City of Dayton, Ohio*, 581 F. App'x 479 (6th Cir. 2014) (citing *Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio Ct. App. 1994)). A party breaches a contract if it "fails to perform according to the terms of the contract or acts in a manner that is contrary to its provisions." *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) (citing *Jarupan v. Hanna*, 878 N.E.2d 66, 73 (Ohio Ct. App. 2007)).

Ohio courts construe written contracts as a matter of law. *Saunders v. Mortensen*, 801

N.E.2d 452, 454 (Ohio 2004). "The ordinary rules of contract construction apply to indemnity contracts." *Cincinnati Ins. Co. v. Savarino Const. Corp.*, No. 2:08-cv-1061, 2011 WL 1068022, at *8 (S.D. Ohio Mar. 21, 2011). "When enforcing an indemnity contract, the court must determine the intent of the parties from the language of the indemnity contract." *Id.* (internal citations omitted). The court examines the contract as a whole and presumes the parties' intent is reflected in the contract language. *Sunoco, Inc. (R & M) v. Toledo Edison Co.*, 953 N.E.2d 285, 292 (Ohio 2011). The court must give the contract terms their plain meaning when construing the contract's meaning. *Savedoff*, 524 F.3d at 763 (citing *City of St. Marys v. Auglaize Cty. Bd. of Commrs.*, 875 N.E.2d 561, 566 (Ohio 2007)). If a written contract's language is clear, the court may not look beyond the writing itself to discern the parties' intent. *Id.* (internal citations omitted).

Hudson argues that summary judgment should be granted in its favor with respect to its claim for contractual indemnification. (Doc. 35-1). Hudson argues that the plain language of the indemnity agreement required defendants to indemnify and hold Hudson harmless for claims made against the bond. (*Id.* at 12). Hudson argues that there is no dispute that it executed the bond on behalf of defendants, claims were made against the bond, and defendants failed to fulfill their contractual obligations under the indemnity agreement by indemnifying Hudson for claims made against the bond. (*Id.*).

Hudson argues that it has presented prima facie evidence of the amount of damages it has incurred as a result of executing the bond for defendants. (*Id.* at 13). Hudson states that the affidavit of Susan A. Miller demonstrates that Hudson incurred damages totaling $87,188.51, which includes $75,000 in claims paid under the full penal sum of the bond and $12,188.51 in attorneys' fees and expenses. (*Id.*). Hudson argues that defendants have not presented an

5

argument or presented evidence to meet their burden of proving that the bond payments were not made in good faith. (*Id.*).

The undisputed evidence submitted by Hudson demonstrates that there is no genuine issue of material fact as to the unambiguous terms of the indemnity agreement between the parties. Defendants executed the indemnity agreement with Hudson, as surety. (Miller Affidavit at ¶ 6; Indemnity Agreement, Doc. 35-3). Defendants admit to executing the indemnity agreement with Hudson, as surety. (Doc. 35-6).[4] A copy of the indemnity agreement attached to plaintiff's motion for summary judgment shows that defendants agreed jointly and severally to "exonerate, hold harmless, indemnify and keep indemnified" Hudson from all losses, including attorneys' fees, as a result of executing the bond. (Indemnity Agreement, Doc. 35-3). Hudson executed, as surety, a $75,000 bond pursuant to the terms of the indemnity agreement. (Bond, Doc. 35-4 at 13-15; Miller Affidavit at ¶¶ 7-8). Defendants admit that Hudson executed the $75,000 bond. (Requests for Admission, Docs. 35-4 at ¶ 4, 35-5 at ¶ 3; 35-6 at ¶ 3). Hudson then received notices of multiple claims under its bond by various bond claimants of Stice Family Logistics, LLC. (Miller Affidavit at ¶ 7). Hudson paid fifty-three claims totaling $75,000, the full penal sum of the bond. (*Id.* at ¶ 8). The affidavit of Susan Miller and defendants' admissions demonstrate no dispute of fact that Hudson paid fifty-three claims on the bond totaling $75,000. (*Id.*; Requests for Admission, Docs. 35-4 at ¶ 6, 35-5 at ¶ 5; 35-6 at ¶ 5).

Hudson has also demonstrated no genuine dispute of material fact as to the amount of

---

[4] Under Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. . . ." Fed. R. Civ. P. 36(a)(3). Plaintiff served requests for admissions on defendants Stice Family Logistics LLC, Nathan Stice, and Kendra Stice on January 11, 2019. (Docs. 35-4 at 1-3, 35-5 at 1-3, 35-6 at 1-3). The requests required defendants to respond within 30 days. (*Id.*). Defendants did not timely serve answers or objections to plaintiff's requests for admission and have not responded to date. Nor have defendants responded to plaintiff's motion for summary judgment, which seeks to deem the requests for admission admitted. Therefore, the Court deems plaintiff's requests for admission to be admitted.

damages and losses it has incurred. In addition to losses totaling $75,000, Hudson has incurred costs and attorneys' fees related to this lawsuit for subrogation. (Miller Affidavit at ¶¶ 8-9). Under the terms of the indemnity agreement, Hudson is entitled to recover $87,188.51. (*Id.* at ¶ 9). The terms of the indemnity agreement provide that evidence of payments made by Hudson constitutes *prima facie* evidence on the amount of defendants' liability to Hudson. (Indemnity Agreement, Doc. 35-3, Section II, C). The language of the indemnity agreement also provides that defendants must indemnify Hudson against all losses, including attorneys' fees incurred in connection with the enforcement of the conditions of the agreement. (*Id.*, Section II, A)

Accordingly, because Hudson has presented evidence demonstrating no genuine issue of material fact as to the terms of the indemnity agreement, that Hudson has fully performed under the agreement, that defendants have failed to uphold their obligations under the agreement and have breached the agreement, and that Hudson has incurred $87,188.51 in losses and attorneys' fees, plaintiff Hudson has established its breach of contract claim as a matter of law. Therefore, plaintiff's motion for summary judgment (Doc. 35) should be **GRANTED**.

## IV. Conclusion

Based on the foregoing it is **RECOMMENDED** that:

1. Plaintiff's motion for summary judgment (Doc. 35) be **GRANTED**.
2. The Clerk be **DIRECTED** to enter judgment against defendants in the amount of **$87,188.51**.
3. This case be **TERMINATED** from the Court's docket.

Date: 5/6/19

Karen L. Litkovitz
United States Magistrate Judge

7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

HUDSON INSURANCE COMPANY,
    Plaintiff,

vs.

STICE FAMILY LOGISTICS, LLC, et al.,
    Defendants.

Case No: 1:18-cv-192
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).